**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00106-WJM

JESSE GABRIEL,

    Plaintiff,

v.

WACHOVIA,
WELLS FARGO, and
DOUGLAS COUNTY PUBLIC TRUSTEE,

    Defendants.

---

**ORDER DENYING *EX PARTE* MOTION FOR EMERGENCY PRELIMINARY
INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER
WITHOUT PREJUDICE AS WITHDRAWN**

---

This matter is before the Court on (1) Plaintiff Jesse Gabriel's Complaint and *Ex Parte* Motion for Emergency Preliminary Injunction and/or Temporary Restraining Order ("Emergency Motion"), filed on January 18, 2012 (ECF No. 1), and (2) Plaintiff's Motion to Stay Case ("Motion to Stay"), filed on January 19, 2012 (ECF No. 3). This action was reassigned to the undersigned on January 20, 2012. (ECF No. 5.)

In the Emergency Motion, Plaintiff, appearing *pro se*, explains that he recently learned that Defendants will soon attempt to foreclose (allegedly wrongfully) on his property located at 13084 Mercury Drive, Littleton, CO, 80124. (ECF No. 1.) Specifically, in an attachment to the Emergency Motion, Plaintiff states, "As this is an emergency, I hope that it can be seen by a judge as soon as possible. (The sale date of the house commences at 10:00 am this morning.)" (*Id.* at 10.) In Plaintiff's

accompanying Information for Temporary Restraining Order, Plaintiff states, "Plaintiff has only found out that sale would happen in the last five days" and "Defendants have neglected to stop or postpone foreclosure sale set for Wednesday [January] 18, 2012." (ECF No. 2, at 2.)

Then, the next day (January 19, 2012), Plaintiff filed his Motion to Stay. (ECF No. 3.)  In the Motion to Stay, Plaintiff states,

> Comes now; Jesse Gabriel (Pro Se) to move this Honorable Court to stay proceedings in this case . . .
>
> 4.  The sale of the house was not conducted on Wednesday the 18th.
>
> 5.  This gives the plaintiff time to have complaint reviewed, checked for accuracy and possibly amended, or to hire an attorney to represent the plaintiff.
>
> 6.  Plaintiff does not want to waste court time, when there is still a possibility of a workout [presumably, with Defendants], or modification [presumably, of the loan]. . . .
>
> With the instances stated above, Plaintiff requests a stay in the case until a later time when the case filed will be appropriate, and the complaint can be reviewed (and possibly amended).

(ECF No. 3.)

Given Plaintiff's representations in his Motion to Stay that currently he does not seek to move forward with his previously filed Emergency Motion, and given the implication that currently there are not legitimate grounds to move forward with the Emergency Motion, the Court construes Plaintiff's Motion to Stay as a Motion to Withdraw his Emergency Motion.

In accordance with the foregoing, the Court ORDERS as follows:

2

1. The Court construes Plaintiff's Motion to Stay Case as a Motion to Withdraw his Emergency Motion. As so construed, the Court GRANTS Plaintiff's Motion to Stay Case (ECF No. 3);

2. To the extent Plaintiff's Motion to Stay Case can be interpreted as a motion to formally stay this action, the Court DENIES the motion. The Court does not find it appropriate to stay the action at this time;

3. Plaintiff's *Ex Parte* Motion for Emergency Preliminary Injunction and/or Temporary Restraining Order (ECF No. 1) is DENIED WITHOUT PREJUDICE as WITHDRAWN; and

4. Plaintiff is DIRECTED to serve a copy of his summons, complaint and motions on all Defendants as soon as practicable, but in no event later than February 17, 2012.

Dated this 20th day of January, 2012.

BY THE COURT:

William J. Martinez
United States District Judge