IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00106-WJM-MEH

JESSE GABRIEL,

    Plaintiff,

v.

WACHOVIA,
WELLS FARGO, and
DOUGLAS COUNTY PUBLIC TRUSTEE,

    Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to appear for a Status Conference on October 3, 2012 and failure to respond to this Court's Order to Show Cause for his failure to appear despite this Court's order to do so. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

The Plaintiff, proceeding *pro se*, instituted this action on January 18, 2012. On April 5, 2012, the Court held a status conference at which the Court discussed with the Plaintiff proper service on the Defendants, set a Settlement Conference for May 15, 2012, and set a Scheduling Conference for June 19, 2012. (Docket #11.) On May 15, 2012, the Court set a continued Settlement Conference for May 23, 2012. (Docket #23.) On May 23, 2012, the Court issued a minute order that the case had settled and that the parties should file dismissal papers with the Court on or before May 31, 2012. (Docket #27.)

No dismissal papers were filed by the deadline; rather, on June 12, 2012, Defendants moved to vacate the Scheduling Conference set for June 19, 2012. (Docket #28.) The Court converted the Scheduling Conference to a Status Conference at which the parties appeared (docket #30), and after discussion, the Court extended the dismissal paper deadline to June 30, 2012. (Docket #31.) On June 29, 2012, the Plaintiff filed a motion to further extend the deadline and the Defendants filed a Motion for Status Conference (dockets #32 and #34); the motions were both denied without prejudice for the parties' failures to comply with D.C. Colo. LCivR 7.1A. (Docket #36.) No dismissal papers were filed by the June 30, 2012 deadline.

Accordingly, on September 25, 2012, the Court set a Status Conference for October 3, 2012. (Docket #37.) Counsel for Defendants appeared and informed the Court that settlement was never finalized and that Defendants had proceeded with a foreclosure sale of the property. The Plaintiff did not appear, and filed no request to continue the conference or appear by telephone. Counsel for Defendants had no information as to why the Plaintiff failed to appear and confirmed that the address for Plaintiff on file with the Court is still the Plaintiff's current address. Consequently, this

Court ordered Plaintiff to show cause on or before October 17, 2012 why this case should not be dismissed for his failure to prosecute the action. Docket #39. Plaintiff was warned that his failure to timely respond to the Order to Show Cause might result in this Court issuing a recommendation to dismiss the action for failure to prosecute. *Id.* The Plaintiff did not respond.

## **DISCUSSION**

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. By order of this Court, Plaintiff was to appear for a status conference on October 3, 2012. The Plaintiff did not appear. Additionally, Plaintiff filed no request for a continuance of the conference. Furthermore, the Plaintiff failed to respond to this Court's order to show cause. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same court orders that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or

defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and participation in this case has caused the Defendant prejudice because Defendant believed it had reached a settlement with Plaintiff and, even if it had not, the Defendant has been deprived of information and documents necessary to defend against Plaintiff's claims since there has been no scheduling of nor actual discovery in this case. Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate has interfered with the judicial process in that the Court has been unable to issue a Scheduling Order in this case. Additionally, the necessity of issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for his failures to respond to Court

orders and to participate in the litigation; his culpability is evident. Plaintiff was warned in the Order to Show Cause that the Court might recommend dismissal for his failure to prosecute; yet, he has made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## **CONCLUSION**

The Plaintiff appears to have abandoned his claims in this matter. He has failed to prosecute the case with due diligence by his failure to appear at the Status Conference or to properly request a continuance if he was unable to attend, and failure to respond to this Court's order to show cause. For these reasons alone, dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss this case with prejudice for Plaintiff's failure to prosecute this action.

Dated this 23rd of October, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge